IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NETEXIT, INC., *et al.*, | ) | Case No. 04-11321 (JLP) |
| | ) | |
| Debtors. | ) | **RE D.I. 279** |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWESTERN CORPORATION, | ) | Case No. 03-12872 (JLP) |
| | ) | |
| Debtor. | ) | **RE D.I. 2465** |

Objection Deadline:
    January 14, 2005 at 4:00 p.m. (EST)
Hearing Date:
    January 26, 2005 at 9:30 a.m. (MST)

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF NETEXIT, INC., ET AL. FOR AN ORDER
PURSUANT TO FED R. BANKR. P. 7052 AND FED. R. CIV. P.
52(b) FOR AMENDMENT AND CLARIFICATION OF ORDER**

The Official Committee of Unsecured Creditors (the "Netexit Committee") appointed in the chapter 11 cases of Netexit, Inc., *et al.* (collectively, the "Netexit Debtors")[1] submits this motion (the "Motion") seeking an order, pursuant to Rule 52 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for amendment and clarification of this Court's Order dated December 7, 2004 and docketed December 8, 2004 [D.I. 279 in Case No. 04-11321 and D.I. 2465 in Case No. 03-12872] (the "Order"), regarding the Motion Of The Official Committee Of Unsecured Creditors Of Netexit, Inc., Et Al. For An Order Compelling Northwestern

---

[1] The Debtors are ATS Financial Services, Inc., Netexit of California Construction, Inc., Netexit of California, Inc., Netexit of Indiana, LLC, Netexit of Indiana, Inc., Netexit of North America, LLC, Netexit of Tennessee, Inc., Netexit of Pacific Northwest, Inc., Netexit of Oklahoma, Inc., Netexit of New York, LLC, Netexit of Mississippi, Inc., Netexit of Hawaii, Inc., and Eagle a Netexit Company Inc.

Corporation To Reimburse The Netexit Debtors For Payments Relating To COBRA [D.I. 251 in Case No. 04-11321 and D.I. 2318 in Case No. 03-12872] (the "Reimbursement Motion"), and in support thereof respectfully represents as follows:

### Introduction

1. On May 4, 2004 (the "Netexit Filing Date"), the Netexit Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Netexit Debtors are debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 14, 2003, NOR filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. NOR is a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these Chapter 11 cases and this Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. On June 8, 2004, the Office of the United States Trustee appointed the Netexit Committee. No trustee or examiner has been appointed in either the Netexit Debtors' or NOR's chapter 11 cases.

5. The Netexit Debtors' and NOR's chapter 11 cases are being jointly administered pursuant to this Court's Order dated June 21, 2004 [D.I. 60 in Case No. 04-11321].

## Background

6. On or about November 3, 2004, the Netexit Committee filed the Reimbursement Motion, seeking reimbursement from NOR of certain payments related to COBRA benefits being made by the Netexit Debtors. Specifically, the Reimbursement Motion sought reimbursement for benefits that were being provided to certain persons under NOR's group health plan, as the Netexit Debtors' group health plan had terminated prior to the Netexit Filing Date. The Court heard oral argument from the parties on December 6, 2004, after which the Court took the matter under advisement. The Order was docketed on December 8, 2004.[2]

7. In the Order, the Court stated that the Netexit Debtors were not relieved of their obligation to pay COBRA benefits "to employees who **did not** elect to the continuation coverage with NOR. As to those employees, Netexit remains liable from its assets when and if such claims are made by the **non-covered** employees." Order at p. 3 (emphasis added). However, the Order ultimately stated that the Reimbursement Motion was denied. Order at p. 4.

## Relief Requested

8. By this Motion, the Netexit Committee seeks an order amending the Order so as to clarify the judgment as it relates to the Court's distinction between employees who are receiving benefits under NOR's health plan and those employees who elected not to be covered by NOR's group health plan.

## Basis for Relief

9. Federal Rule 52(b) permits the Court, upon a party's motion, to amend its findings, make additional findings, or amend a judgment rendered in any matter. Fed. R.

Civ. P. 52(b). In this matter, the Netexit Committee respectfully believes that the findings and/or judgment rendered as to the Reimbursement Motion should be amended or clarified as the final judgment and the findings appear to be inconsistent.

10. As the Court noted in the Order, NOR allowed certain employees to join its medical plan when the Netexit Debtors' plan terminated. By doing this, NOR fulfilled its obligations under COBRA law. Order at p. 3. The Court then determined that such actions by NOR did not relieve the Netexit Debtors of any liability related to employees that did not opt into the NOR plan. However, the Reimbursement Motion sought reimbursement of monies being paid by the Netexit Debtors for all persons, including those that chose to accept benefits under the NOR plan. Thus, the Netexit Committee respectfully submits that the judgment should be amended so that the Netexit Debtors are reimbursed for those amounts it is paying for employees that are taking part in the NOR plan, even if no reimbursement is allowed as to those employees that are not taking part in the NOR plan.

## Notice

11. Pursuant to Local Rules 2002-1(b) and 2014-1, the Netexit Committee has provided or will provide notice of this Motion to counsel for the Netexit Debtors, counsel for NOR, counsel for the Official Committee of Unsecured Creditors of NOR, the Office of the United States Trustee and all parties who have filed a notice of appearance in the above-captioned cases. The Netexit Committee submits that no other or further notice is necessary or required.

12. No previous application for the relief sought herein has been made to this or any other Court.

---

[2] A copy of the Order is attached as Exhibit "A" for the convenience of the Court.

WHEREFORE, the Netexit Committee respectfully requests that this Court enter an order substantially in the form attached hereto and grant such other and further relief as is just or proper.

Dated: December 17, 2004
      Wilmington, Delaware

CROSS & SIMON, LLC

By: _____
Christopher P. Simon (No. 3697)
Donna L. Harris (No. 3740)
913 North Market Street, Suite 1001
P.O. Box 1380
Wilmington, Delaware 19899-1380
(302) 777-4200

Attorneys for the Official Committee of Unsecured Creditors of Netexit, Inc. *et al.*