# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| NETEXIT, INC., *et al.,* | ) Case No. 04-11321 (JLP) |
| Debtors. | ) Hearing Date: 1/26/05 @ 9:30 a.m.<br>) Objection Deadline: 1/14/05 @ 4:00 p.m.<br>) Related to Docket No. 295 |
| In re: | ) Chapter 11 |
| NORTHWESTERN CORPORATION, | ) Case No. 03-12872 (JLP) |
| Reorganized Debtor. | ) Hearing Date: 1/26/05 @ 9:30 a.m.<br>) Objection Deadline: 1/14/05 @ 4:00 p.m.<br>) Related to Docket No. 2498 |

**JOINT OBJECTION OF NETEXIT, INC., *ET AL.*, AND NORTHWESTERN CORPORATION TO THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NETEXIT, INC., *ET AL.*, FOR AN ORDER PURSUANT TO FED. R. BANKR. P. 7052 AND FED. R. CIV. P. 52(b) FOR AMENDMENT AND CLARIFICATION OF ORDER**

Netexit, Inc., *et al.*[1] (Netexit, and with its debtor subsidiaries, the "Netexit Debtors"), by and through their undersigned counsel, and NorthWestern Corporation ("NOR"), by and through its undersigned counsel, file this Joint Objection (the "Objection") to the Motion of the Official Committee of Unsecured Creditors (the "Committee") of Netexit, Inc. for an Order Pursuant to Fed. R. Bankr. P. 7052 and Fed. R. Civ. P. 52(b) For Amendment and Clarification of Order (the "Current Motion") on the grounds set forth below:

---

[1] The affiliated debtors of Netexit, Inc. are Eagle a Netexit Company Inc., Netexit of California, Inc., Netexit of California Construction, Inc., Netexit of Hawaii, Inc., Netexit of Indiana, Inc., Netexit of Indiana, LLC, Netexit of Mississippi, Inc., Netexit of New York, Inc., Netexit of Oklahoma, Inc., Netexit of Pacific Northwest, Inc., Netexit of Tennessee, Inc., Netexit of North America, LLC, and ATS Financial Services, Inc. Pursuant to the Order Granting Substantive Consolidation of the Estates of Netexit, Inc. and Its Subsidiary Debtors, entered on September 15, 2004 (Docket No. 182), the estates of Netexit, Inc. and its subsidiary debtors were substantively consolidated.

## BACKGROUND

### A. Background Regarding the Netexit Debtors' Chapter 11 Cases

1. On May 4, 2004, each of the Netexit Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Netexit Debtors are debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2. No request has been made for the appointment of a trustee or examiner in the Netexit Debtors' substantively consolidated cases. The Committee was appointed by the Office of the United States Trustee on June 8, 2004.

3. The Netexit Debtors are no longer operating businesses. Pursuant to a transaction that closed on November 25, 2003, the Netexit Debtors sold substantially all of their assets to Avaya, Inc. ("Avaya"). Netexit, formerly known as Expanets, Inc. ("Expanets"), was a nationwide provider of networked communications and data services and solutions to small to mid-sized businesses. Expanets, itself and through its subsidiaries, offered services including voice and data networking, internet connectivity, messaging systems, advanced call processing applications, computer telephony, networking management and carrier services. Expanets was 99% owned by the NOR. The acquisition of Expanets and several non-utility subsidiary entities was an attempt by NOR to diversify.

4. As a result of the sale of substantially all of the assets of Expanets to Avaya, the Netexit Debtors were left with certain liabilities and the proceeds of the asset sale, but without the going concern business necessary to generate ongoing revenues. The Netexit Debtors have sought relief under Chapter 11 of the Bankruptcy Code in order to obtain a moratorium on their liabilities and various litigation, and to efficiently and economically resolve claims against their estates and equitably distribute their assets.

B.  **Background Regarding NOR's Chapter 11 Case**

5. On September 14, 2003, NOR filed a voluntary petition for relief under Chapter 11 with the Bankruptcy Court. On October 19, 2004, the Bankruptcy Court entered an order confirming NOR's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code. On November 1, 2004, NOR filed its Notice of (A) Entry of Order Confirming the Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code and (B) the Occurrence of the Effective Date.

6. NOR is a publicly traded Delaware corporation which was incorporated in 1923. NOR and its direct and indirect nondebtor subsidiaries comprise one of the largest providers of electricity and natural gas in the upper Midwest and Northwest regions of the United States, serving approximately 608,000 customers throughout Montana, South Dakota and Nebraska.[2]

## ARGUMENT AND CITATION OF AUTHORITIES

A. **THE COMMITTEE IS SEEKING THE SAME RELIEF THAT THIS COURT HAS ALREADY DENIED**

7. The Committee's Motion for An Order Compelling NorthWestern Corporation to Reimburse the Netexit Debtors for Payments Relating to COBRA (the "Prior Motion") (D.I. 2318 in Case No. 03-12872 and D.I. 251 in Case No. 04-11321) was clearly denied by the order of this Court (the "Prior Order") dated December 7, 2004 and docketed on December 8, 2004 (D.I. 2465 in Case No. 03-12872 and D.I. 279 in Case No. 04-11321). The Prior Order provides in pertinent part:

> It is therefore ordered that the Motion of the Official Committee of Unsecured Creditors of Netexit, *et al.* for an Order Compelling

---

[2] A more detailed overview is set forth in the Affidavit of William M. Austin in Support of First Day Motions filed with the Court on September 14, 2003 (D.I. 2 in Case No. 03-12872).

3

NorthWestern Corporation to Reimburse the Netexit Debtors for Payments Relating to COBRA is denied.

Prior Order, ¶ 2 at page 4.

8. The Committee even concedes the undisputable fact that the relief sought in the Prior Motion was denied by the Prior Order, stating "However, the [Prior] Order ultimately stated that the Reimbursement Motion was denied." *See* Current Motion, ¶ 7. Notwithstanding the fact that the Prior Order clearly denied the relief sought in the Prior Motion, the Committee under the guise of seeking clarification of the Prior Order seeks once again to obtain the same relief previously requested and denied. The proposed order that the Committee has submitted with the Current Motion contains the following two proposed "amendments" to the Prior Order:

> a) NOR shall reimburse the Netexit Debtors' estates for any payments made after December 31, 2003 and pursuant to the Order Authorizing the Debtors to Pay Cobra Obligations [D.I. No. 246 in Case No. 04-11321] (the "COBRA Order") with respect to all employees who are receiving benefits under NOR's group health plan (the "Covered Employees").
>
> b) The Netexit Debtors shall not make any further payments under the COBRA Order with respect to the Covered Employees, and NOR shall continue to make any payments related to COBRA continuation coverage for the Covered Employees.

9. In comparing the proposed order submitted with the Prior Motion (copy attached hereto as <u>Exhibit A</u>) and the proposed order submitted with the Current Motion, it is quite clear that both orders are essentially identical. The Committee has disingenuously selectively paraphrased certain passages from the Prior Order to bolster its specious argument that the Prior Order is ambiguous -- when it is clearly not. *See* Current Motion, ¶ 7. If the relevant language is read in its entirety, it is beyond question that there is no basis whatsoever for the relief sought by the Committee in the Current Motion:

> NOR did provide under the APA for continuation coverage of former Expanets employees. As such, this was a contractual matter under the APA between the sellers (NOR, Expanets, et al.) and the buyer. 26 C.F.R. § 53.4980B-9, Q/A-7.

4

> The former employees were granted the right to join the NOR medical plan and NOR agreed to take such employees into the plan. That position of NOR satisfies COBRA, but does not relieve Netexit of its COBRA responsibilities or obligations to employees who did not elect to the continuation coverage with NOR. As to those employees, Netexit remains liable from its assets when and if such claims are made by the non-covered employees. No one knows the amount of that liability, **and it is really irrelevant to the present issue. I reject the argument by the Netexit Committee that once NOR provided continuation coverage to those ex-employees, it also became statutorily or contractually obligated to those former employees of Expanets and/or Netexit who did not elect to continuation coverage.** I also add that under 11 U.S.C. § 363(b)(1), NOR, as a Chapter 11 debtor-in-possession, could not have assumed such financial obligations to cover former employees without bankruptcy court approval. If the pending motion seeks that approval, it is denied as it is an obligation of the non-debtor, namely Netexit.

Prior Order, Second full decretal paragraph on page 3 and first decretal paragraph on page 4 (emphasis added).

10. As noted above, the Court denied all forms of relief sought by the Committee in the Prior Motion. In addition, the Prior Order clearly did not leave the door open for the relief sought by the Committee in the Current Motion.

[CONCLUDES ON NEXT PAGE]

5

# CONCLUSION

For the reasons set forth herein, the Netexit Debtors and NOR request that the Court deny the Current Motion and grant them such other relief and is just and appropriate.

Dated: Wilmington, Delaware
       January 10, 2005

Respectfully submitted,

PAUL, HASTINGS, JANOFSKY & WALKER LLP
600 Peachtree Street
Suite 2400
Atlanta, GA 30308
Jesse H. Austin, III
Karol K. Denniston
Telephone: (404) 815-2400

and

GREENBERG TRAURIG, LLP

_____
Scott D. Cousins (No. 3079)
Victoria Watson Counihan (No. 3488)
William E. Chipman, Jr. (No. 3818)
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE 19801
Telephone: (302) 661-7000

*Co-Counsel for the Netexit Debtors and Debtors-in-Possession*

and

PEPPER HAMILTON LLP

_____
David Stratton (Bar. No. 960)
1201 Market Street
Wilmington, Delaware 19899
(302) 777-6500

*Counsel for NorthWestern Corporation, Reorganized Debtor*

## CONCLUSION

For the reasons set forth herein, the Netexit Debtors and NOR request that the Court deny the Current Motion and grant them such other relief and is just and appropriate.

Dated: Wilmington, Delaware
January ___, 2005

Respectfully submitted,

PAUL, HASTINGS, JANOFSKY & WALKER LLP
600 Peachtree Street
Suite 2400
Atlanta, GA 30308
Jesse H. Austin, III
Karol K. Denniston
Telephone: (404) 815-2400

and

GREENBERG TRAURIG, LLP

_____
Scott D. Cousins (No. 3079)
Victoria Watson Counihan (No. 3488)
William E. Chipman, Jr. (No. 3818)
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE 19801
Telephone: (302) 661-7000

*Co-Counsel for the Netexit Debtors and Debtors-in-Possession*

and

PEPPER HAMILTON LLP

_____
David Stratton (Bar. No. 960)
1201 Market Street
Wilmington, Delaware 19899
(302) 777-6500

*Counsel for NorthWestern Corporation, Reorganized Debtor*